**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN EARL CLARKE, | No.   15-16992 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02350-GMS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted July 11, 2017
San Francisco, California

Before:  GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,** District Judge.

John Clarke appeals the district court's order affirming the denial of his

application for disability insurance benefits. Clarke, who alleged disability based on

bipolar disorder and peripheral neuropathy secondary to diabetes, argues that the

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

administrative law judge ("ALJ") erred by improperly discounting Clarke's testimony and rejecting the opinions of treating psychiatrist Dr. Hicks and examining psychologist Dr. Finch without giving specific and legitimate reasons. He also argues that the ALJ erred by ignoring the opinion of non-examining psychologist Dr. Penner and by improperly discrediting or ignoring altogether lay witness testimony. We reverse and remand for further proceedings.

1. When an ALJ makes an adverse credibility finding but fails to specify what testimony he finds not credible or why he came to this conclusion, he errs. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 491-94 (9th Cir. 2015); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014). Here, because the ALJ did not mention any of Clarke's specific testimony about his limitations, let alone specify which parts he found not credible or connect record evidence to any of Clarke's specific allegations, he erred under *Brown-Hunter* and *Treichler*. *See Brown-Hunter*, 806 F.3d at 494; *Treichler*, 775 F.3d at 1103.

2. The ALJ did not err by giving Dr. Hicks's opinion only partial weight. Dr. Hicks's treatment notes rarely mention Clarke's mood or mental status or reflect any adjustment to his medication. And when the treatment notes do reflect an increase in situational depression, they do not reflect the severity of symptoms that would be consistent with Dr. Hicks's functional capacity opinion. Furthermore, Dr. Hicks could have provided more explanation for his opinion on

the evaluation form that he filled out. Instead, Dr. Hicks merely wrote, "Can't work at all" in response to a question asking him to explain his opinion about Clarke's stamina and attention span and did not respond to a question asking for any other comments on his assessment. In these circumstances, inconsistency between Dr. Hicks's opinion and his treatment notes was a specific and legitimate reason supported by substantial evidence to give Dr. Hicks's opinion less than controlling weight.

3. The ALJ erred by failing to discuss non-examining psychologist Dr. Penner's opinion. Because the ALJ did not mention Dr. Penner's opinion, we do not know whether he considered it, as the regulations require. *See* 20 C.F.R. § 404.1513a(b)-(b)(1); *see also* SSR 96-6p, 1996 WL 374180 (July 2, 1996), *rescinded and replaced by* SSR 17-2p, 82 Fed. Reg. 15,263-02 (Mar. 27, 2017) (both the SSR in effect at time of ALJ's decision and the SSR that replaced it required ALJs to consider state agency psychological consultants' opinions).

4. In the absence of adopting Dr. Penner's interpretation (or giving some other cogent explanation), we cannot say that the ALJ reasonably interpreted Dr. Finch's opinion concerning Clarke's potential inability to attend work as regularly and as punctually as an employer would require, an issue the ALJ did not mention. The ALJ thus erred by failing to explain why he adopted some parts of Dr. Finch's opinion but not others.

5.   The Commissioner concedes that the ALJ's rejection of Clarke's ex-wife's testimony and ignoring of his mother's and sister's testimony was error.

6.   These errors were not harmless because they were not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  Crediting the testimony about Clarke's limited ability to stand for long periods of time or the medical opinions about his potential problems with attendance could lead to a different Residual Functional Capacity ("RFC"), which could change the outcome of this case.

7.   We decline Clarke's request to remand for an award of benefits.  The evidence here is potentially consistent with multiple RFCs and there is no evidence in the record about the availability of jobs that could accommodate an RFC that adopted some, but not all, of Clarke's alleged limitations.  Accordingly, we remand for further proceedings.

**REVERSED** and **REMANDED.**

4